UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
Case No.: _____

| | |
|---|---|
| JOSE QUINTANILLA, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) |
| REYES Y REYES CONSTRUCTION LLC; ALEXANDER REYES; and JOSE REYES, | ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff JOSE QUINTANILLA (the "Plaintiff") and those similarly situated individuals sue the Defendants REYES Y REYES CONSTRUCTION LLC, ALEXANDER REYES, and JOSE REYES (the "Defendants"), and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act")[1].

2. This is also an action for wrongful, retaliatory discharge, intimidation, and coercion of an employee in violation of Fla. Stat.§ 440.205 and for retaliation in violation Fla. Stat. § 448.102(3).

---

[1] Plaintiff will file a charge of discrimination with the EEOC. He might seek leave to amend this complaint to include discrimination and retaliation counts once the EEOC issues a right to sue.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

**VENUE**

4. Plaintiff is a resident of Duval County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. REYES Y REYES CONSTRUCTION LLC (the "Corporate Defendant"), ALEXANDER REYES, and JOSE REYES (the "Individual Defendants"), are a Florida company and Florida residents, respectively, having their main place of business in Duval County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

6. The Corporate Defendant is a company duly authorized and existing under the laws of the State of Florida and conducting business in Duval County, Florida.

7. The Individual Defendants, upon information and belief, reside in Duval County, Florida.

8. The acts or omissions giving rise to this Complaint occurred in whole or in part in Duval County, Florida.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the

district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Duval County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10. At all times material, Plaintiff was employed by Defendants as a construction worker from approximately February 17, 2021, until his wrongful termination on or about October 24, 2021.

11. While employed by the Defendants, Plaintiff lived at the house of a relative of the Individual Defendants (the "House").

12. Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

13. Plaintiff performed his duties in a satisfactory manner and was never written up by the Defendants.

14. On or about September 24, 2021, Plaintiff fell from a building and became unconscious. His co-workers took him home.

15. On the following day, Plaintiff requested medical care from Defendants, but was ignored.

16. Plaintiff then informed Defendants that he was going to go to the hospital to request medical care.

17. In response, Defendants instructed Plaintiff to lie to the hospital staff and to tell them that the accident that caused Plaintiff's injuries ***did not*** happen at work. Plaintiff refused.

18. Later, Defendants caused Plaintiff to get thrown out of the House.

19. On or about October 24, 2021, Defendants terminated Plaintiff.

20. Currently, Plaintiff has hired worker's compensation lawyers who are helping him with his claim for benefits under the worker's compensation laws in Florida. These lawyers have filed a claim against the Corporate Defendant and against a company by the name of Summit Contracting Group, Inc., the general contractor in the construction project where Plaintiff worked and became injured.

21. If discovery reveals that Summit Contracting Group, Inc. is an "employer" or a "joint employer" under the Act or under Florida law, Plaintiff will seek leave to amend this complaint to name Summit Contracting Group, Inc. as a defendant.

22. Defendants have approached Plaintiff and offered him to circumvent his worker's compensation lawyers and take a settlement offer to "drop" his worker's compensation case.

23. All conditions precedent to bringing this action have occurred, been performed, or been excused.

24. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: UNPAID OVERTIME AGAINST THE CORPORATE DEFENDANT IN VIOLAITON OF THE FLSA**

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer

shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

29. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a construction company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate

commerce. Plaintiff was employed by the Corporate Defendant as a construction worker for the Corporate Defendant's business.

30. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a construction worker performing the same or similar duties as that of those other similarly situated construction workers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

31. Plaintiff worked for the Corporate Defendant from approximately February 17, 2021, through October 24, 2021. In total, Plaintiff worked approximately 36 compensable weeks under the Act, or 36 compensable weeks if we count 3 years back from the filing of the instant action.

32. The Corporate Defendant paid Plaintiff on average approximately $18 per hour.

33. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

34. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    a. Actual Damages: $18 x .5 (overtime rate) x 10 (average weekly overtime) x 36 (compensable weeks) = $3,240

    b. Liquidated Damages: $3,240

  c. Total Damages: $6,480 plus reasonable attorneys' fees and costs of suit.

 36. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

 37. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

 38. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

 39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated request this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT II: UNPAID OVERTIME AGAINST THE INDIVIDUAL DEFENDANTS IN VIOLATION OF THE FLSA

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

41. At the times mentioned, the Individual Defendants were and are now supervisors, officers, and managers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated.

42. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, directed Plaintiff's work, and are jointly liable for Plaintiff's damages.

43. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

44. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated request this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III: RETALIATION, INTIMIDATION, AND COERCION AGAINST THE CORPORATE DEFENDANT IN VIOLAITON OF FLA. STAT. § 440.205

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 2-24 above as if set out in full herein.

47. At all times relevant, Plaintiff was employed by the Corporate Defendant as a construction worker.

48. On or about September 24, 2021, the Plaintiff suffered a work-related injury, namely, he fell from a building in a construction project and sustained multiple injuries to his body. The accident happened while Plaintiff was working for the Corporate Defendant.

49. The injury alleged above required medical treatment.

50. After the work-related accident as described above, the Plaintiff reported his injuries to the Corporate Defendant and requested medical treatment.

51. Plaintiff was ignored.

52. Then, Plaintiff advised the Corporate Defendant that he was going to go to a hospital. In response, the Corporate Defendant instructed Plaintiff to lie about where the accident occurred. Plaintiff refused.

53. The Corporate Defendant did not advise its worker's compensation insurance carrier about Plaintiff's accident, even though such report is mandated by law.

54. The Corporate Defendant caused Plaintiff to get evicted. The Corporate Defendant provided housing to Plaintiff prior to his work-related injury.

55. Later, the Corporate Defendant terminated Plaintiff's employment.

56. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

57. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, **intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

58. Plaintiff made a valid claim for compensation or attempted to claim compensation under the Worker's Compensation Law.

59. By getting Plaintiff evicted and not reporting Plaintiff's injury to its worker's compensation carrier, the Corporate Defendant retaliated against, intimidated, and coerced Plaintiff.

60. The sole apparent reason for the retaliation, intimidation, and coercion of Plaintiff was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

61. A motivating factor which caused the Plaintiff's retaliation, intimidation, and coercion as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  Alternatively, Plaintiff would not have been retaliated against, coerced, and intimidated but for his claiming worker's compensation benefits as described above.

62. The Corporate Defendant's retaliation, intimidation, and coercion of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

63. By reason of Corporate Defendant's retaliation, coercion, and intimidation of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and suffered severe emotional distress.

64. The Corporate Defendant's conduct in wrongfully retaliating against, coercing, and intimidating Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendant for all back wages; front wages; compensatory mental damages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT IV: RETALIATION (TERMINATION) AGAINST THE CORPORATE DEFENDANT IN VIOLAITON OF FLA. STAT. § 440.205

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 2-24 above as if set out in full herein.

66. At all times relevant, Plaintiff was employed by the Corporate Defendant as a construction worker.

67. On or about September 24, 2021, the Plaintiff suffered a work-related injury, namely, he fell from a building in a construction project and sustained multiple injuries to his body. The accident happened while Plaintiff was working for the Corporate Defendant.

68. The injury alleged above required medical treatment.

69. After the work-related accident as described above, the Plaintiff reported his injuries to the Corporate Defendant and requested medical treatment.

70. Plaintiff was ignored.

71. Then, Plaintiff advised he was going to go to a hospital. In response, Corporate Defendant instructed Plaintiff to lie about where the accident occurred. Plaintiff refused.

72. Corporate Defendant did not advise its worker's compensation insurance carrier about Plaintiff's accident, even though such report is mandated by law.

73. Later, Corporate Defendant terminated Plaintiff's employment.

74. Fla. Stat. § 440.205 states: "No employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

75. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

76. A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

77. The Corporate Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

78. By reason of Corporate Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

79. The Corporate Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues so triable as of right.

**COUNT V: RETALIATION IN VIOLATION OF SECTION 448.102(3) OF THE FLORIDA STATUTES AGAINST THE CORPORATE DEFENDANT**

80. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 2-24 as though fully set forth herein.

81. Florida Statutes provide:

> 448.102   Prohibitions – An employer may not take **any** retaliatory personnel action against an employee because the employee has:
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation (emphasis added).

82. Florida Statutes also provide:

> 440.185   **Notice of injury or death; reports; penalties for violations.**— (1) An employee who suffers an injury arising out of and in the course of employment **shall** advise his or her employer of the injury within 30 days after the date of or initial manifestation of the injury…
>
> (2)   Within 7 days after actual knowledge of injury or death, the employer **shall** report such injury or death to its carrier, in a format prescribed by the department, and shall provide a copy of such report to the employee or the employee's estate.

83. Not reporting a work-related injury to an employer or to the employer's worker's compensation carrier, is illegal. When Corporate Defendant asked Plaintiff to lie to the hospital staff about where his work-related injury happened, Corporate Defendant asked Plaintiff to violate the law and engage in unlawful conduct explicitly prohibited by Fla. Stat. Section 440.185.

84. Plaintiff refused his employer's unlawful request.

85. When Plaintiff refused to engage in the illegal activity requested by the Corporate Defendant, Plaintiff engaged in a legally protected activity.

86. Corporate Defendant got Plaintiff evicted and fired from his job in retaliation for Plaintiff refusing to participate in the Corporate Defendant's unlawful practices.

87. The Corporate Defendant is a firm, partnership, institution, corporation, or association that employs ten or more persons and is therefore an "employer" pursuant to Fla. Stat. § 448.101(3).

88. The retaliation to Plaintiff was in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

89. Corporate Defendant's retaliation of Plaintiff has caused damages to Plaintiff.

90. The Corporate Defendant's conduct in retaliating against Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendant for all back wages; front wages; reinstatement and promotion; injunctive relief prohibiting the Corporate Defendant from wrongfully discharging in the manner described above; compensatory mental damages; payment of Plaintiff's reasonable costs and attorney's fees, an order prohibiting the Corporate Defendant from discharging individuals who refuse to engage in or object to practices which violate Florida law, and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: January 24, 2022.

Respectfully submitted,
By: */s/ Aron Smukler*
Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*
